**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

BOBBY RAY ALLEN, #L4516                                                              PLAINTIFF

VERSUS                                            CIVIL ACTION NO.  3:12-cv-465-HTW-LRA

ALISA ALLEN, ET AL.                                                                        DEFENDANTS

<u>MEMORANDUM OPINION</u>

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Allen

is an inmate of the Mississippi Department of Corrections (MDOC), who has filed this *pro se*

Complaint pursuant to Title 42 U.S.C. § 1983.[1]  The named Defendants are Alisa Allen, mother

of the victim in Plaintiff's criminal case;  Dan Duggan, court appointed counsel; and Samuel V.

Richardson, Circuit Court Judge.[2]  Upon liberal review of the Complaint and subsequent

pleadings, the Court has reached the following conclusions.

I.      **Background**

Plaintiff is currently serving a term of imprisonment for a 2007 conviction of sexual

battery rendered by the Rankin County Circuit Court.  Plaintiff asserts various complaints

regarding the validity of his confession, his guilty plea and resulting conviction.  Specifically,

Plaintiff alleges that Defendant Allen, who is the mother of the victim in his criminal case,

falsely accused him of child molestation.  Plaintiff further alleges that Defendant Duggan, as his

court appointed counsel, failed to represent him effectively against these criminal charges.

Plaintiff also complains that Defendant Richardson, as the presiding Judge, "didn't let me testify

on my behalf" and sentenced him to a term of imprisonment.  Resp. [10] at 1.  As relief, Plaintiff

---

[1]Plaintiff's request to proceed *in forma pauperis* was granted on August 10, 2012.

[2]In Plaintiff's initial pleadings he asserted conditions of confinement complaints against Officer
Crockett.  After an Order [8] was entered directing Plaintiff to clarify the Defendants and provide
additional information, he ultimately dismissed Officer Crockett as a Defendant in this case. *See* Order
[8], Responses [9, 10], Order [11] and Notice of Voluntary Dismissal [12].

is requesting the invalidation of his criminal conviction and monetary damages.

## II.    Analysis

Title 28 U.S.C. §1915 applies to prisoners proceeding *in forma pauperis* in this Court. Section 1915(e)(2) provides  that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file.  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*  Since the Court has permitted Plaintiff to proceed *in forma pauperis* in this action, his Complaint is subject to *sua sponte* dismissal under § 1915(e)(2).

### A.  Claims for Habeas Corpus Relief

Initially, the Court notes that invalidation of a criminal conviction or release from incarceration is not available as relief in a suit filed pursuant to § 1983.  *See Allison v. Kyle,* 66 F.3d 71, 73 (5th Cir. 1995)(citing *Cook v. Texas Dep't of Criminal Justice Transitional Planning*

*Dep't*, 37 F.3d 166, 168 (5th Cir.1994))(finding claims that would entitle prisoner to accelerated release are not properly pursued in a § 1983 conditions of confinement case).  Habeas corpus provides the exclusive federal remedy available to a state prisoner seeking a speedier or immediate release from incarceration.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(holding habeas corpus is exclusive federal remedy available to state prisoners challenging the fact or duration of their confinement and seeking speedier or immediate release from incarceration).  Plaintiff's claims regarding the validity of his conviction and sentence do not challenge the conditions of his current confinement, but instead challenge the fact or duration of his confinement, and thus are habeas in nature.  Therefore, to the extent Plaintiff is challenging the validity of his criminal conviction and sentence his claims are dismissed from this § 1983 case, without prejudice.[3]

**B.  Claims under Title 42 U.S.C. § 1983**

In order to have a viable claim under Title 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988).  More specifically, for a defendant to be liable under § 1983, he must have acted under color of state law, meaning he must have "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law."  *West*, 487 U.S. at 49 (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).

---

[3]The Court does not reach a determination of the viability of any possible habeas claims; nonetheless, the Clerk is directed to mail Plaintiff a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254.

Plaintiff's pleadings indicate that Defendant Allen is a private citizen, who allegedly made false statements to the police during Plaintiff's criminal investigation. Plaintiff fails to establish that Defendant Allen is a "state actor" for purposes of § 1983.[4]

Plaintiff's allegations also indicate that Defendant Duggan is a private citizen that was appointed by the Rankin County Circuit Court to serve as Plaintiff's defense attorney for his criminal case. The United States Supreme Court has held that a public defender is not a state actor, for purposes of § 1983, when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Therefore, any deprivation Plaintiff allegedly suffered from Defendant Duggan's performance as defense counsel during his criminal proceedings was not "under color of state law" and is not cognizable under § 1983. *See e.g., Hernandez-Hernandez v. Fagerberg*, 392 F. App'x 271, 272 (5th Cir. 2010)(affirming dismissal of inmate's § 1983 action against appointed attorney for lack of state action).

Furthermore, Defendant Richardson, as the presiding Judge for Plaintiff's criminal case, enjoys absolute immunity from damages when performing acts within his judicial capacity. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction. *See Mireles v. Waco*,

---

[4]To the extent Plaintiff's pleadings may be construed as a request to "press charges" against Defendant Allen or have Defendant Allen "put in jail", Plaintiff is not entitled to relief under § 1983. Although it is unlikely any of the named Defendants have the authority to decide whether or not to pursue criminal charges, the "decision to file or not file criminal charges is protected by prosecutorial immunity." *Quinn v. Roach,* 326 F. App'x 280, 292 (5th Cir. 2009); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990)("The decision to file or not file criminal charges falls within this category of acts that will not give rise to section 1983 liability.").

502 U.S. 9, 11 (1991).

In determining whether a judge acted within the scope of his judicial capacity, the Court considers four factors: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Ballard v. Wall,* 413 F.3d 510, 515 (5th Cir. 2005)(citing *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)). In applying the four factors, it is clear that Defendant Richardson's actions were "judicial in nature." *Id.* at 517. Likewise, there are no claims that Defendant Richardson lacked jurisdiction over Plaintiff's criminal proceedings. *See* Miss. Code Ann. §9-7-81 (circuit court has original jurisdiction over state felony prosecutions). Therefore, Defendant Richardson is entitled to absolute immunity and Plaintiff's claims will be dismissed.

## III. Conclusion

As discussed above, Plaintiff cannot maintain this action under Title 42 U.S.C. § 1983 against the named Defendants. Plaintiff's claims for habeas corpus relief will be dismissed without prejudice and the remainder of Plaintiff's claims will be dismissed as either legally frivolous or as seeking monetary relief against a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *See e.g., Hernandez-Hernandez*, 392 F. App'x at 272 (affirming frivolous dismissal of § 1983 claim against appointed attorney for lack of state action); *Boyd*, 31 F. 3d at 285 (affirming frivolous dismissal of § 1983 claim against trial judge based on absolute immunity).

Since this case is dismissed pursuant to the above-mentioned provision of the Prison

Litigation Reform Act, it will be counted as a "strike."  *See* 28 U.S.C. § 1915(g).  If Plaintiff

receives "three strikes" he will be denied *in forma pauperis* status and be required to pay the full

filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED this the 31st day of October, 2012.


s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE